UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APP INVESTMENT OPPORTUNITY LLC,

    Plaintiff,

        v.

U.S. BANK NATIONAL ASSOCIATION

    Defendant.

15-Civ-06666 (AT)

**ANSWER**

        Defendant U.S. Bank National Association, solely in its capacity as successor trustee (the "Trustee") under the Indenture dated September 18, 1995 (the "Indenture") among APP International Finance Company, B.V. ("APP Finance"), as issuer, and Asia Pulp & Paper Ltd. ("Asia Pulp & Paper") and P.T. Lontar Pulp & Paper Industry ("Lontar"), as guarantors, by its undersigned attorneys, for its answer to the Complaint (the "Complaint") of Plaintiff APP Investment Opportunity LLC (the "Plaintiff"), states as follows:[1]

        1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, except states that Plaintiff purports to bring the action as stated therein.

        2.    Denies the allegations of paragraph 2, except admits that on or about September 18, 1995, APP Finance issued $450,000,000 in principal amount of 11 ¾% Guaranteed Secured Notes due in 2005 (the "Notes") pursuant to the Indenture and respectfully refers the Court to the Indenture for its terms.

        3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and respectfully refers the Court to the Indenture and the Notes for their terms.

---

[1] Except as otherwise defined herein, all capitalized terms have the definitions attributed to them in the Complaint.

4. Denies knowledge and information sufficient to form a belief as to the first sentence of paragraph 4, except admits that APP Finance defaulted on its obligations under the terms of the Indenture when it failed to make required interest payments on the Notes on April 2, 2001, and that Lontar and Asia Pulp & Paper (together with APP Finance, the "Judgment Debtors") did not fulfill their obligations as guarantors under the Indenture.  Admits the allegations in the second and third sentences of paragraph 4, and respectfully refers the Court to the Judgment for its terms.  Denies the allegations of the fourth sentence of paragraph 4, except admits that the Trustee has not received payment on the Judgment from the Judgment Debtors.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Denies the allegations of paragraph 6 and respectfully refers to the Exchange Offer and the Consent Solicitation for their terms.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. States that the allegations of paragraph 8 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8 and respectfully refers the Court to the Indenture for its terms.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 9, and states that the remaining allegations of paragraph 9 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the remaining allegations of paragraph 9 and respectfully refers the Court to the Indenture for its terms.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, except states that Plaintiff purports to seek the relief stated therein and respectfully refers the Court to the Indenture for its terms.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Admits that the Trustee is a national association with its main office in Ohio and states that the remaining allegations of the first sentence of paragraph 12 are legal conclusions to which no response is required.  States that Plaintiff purports to sue the Trustee in the capacity set forth in the second sentence of paragraph 12.

13. States that the allegations of paragraph 13 are legal conclusions to which no response is required.

14. States that the allegations of paragraph 14 are legal conclusions to which no response is required.

15. States that the allegations of paragraph 15 are legal conclusions to which no response is required, but to the extent that a response is necessary, respectfully refers the Court to the Indenture for its terms.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Denies the allegations of paragraph 19, except admits that APP Finance, as issuer, Lontar and Asia Pulp & Paper, as guarantors, and Bank of America National Trustee Company entered into the Indenture and that the Trustee is the successor trustee to Bank of America National Trust Company under the Indenture and respectfully refers the Court to the Indenture for its terms.

20. Denies the allegations of paragraph 20, except admits that the Notes were issued pursuant to the Indenture.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. States that the allegations of paragraph 23 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 23 and respectfully refers the Court to the Indenture and Notes for their terms.

24. Denies the allegations of paragraph 24 and respectfully refers the Court to the Indenture for its terms.

25. Denies the allegations of paragraph 25 and respectfully refers the Court to the Indenture for its terms.

26. States that the allegations of paragraph 26 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 26, and respectfully refers the Court to the Indenture for its terms.

27. Denies the allegations of paragraph 27, except admits that that APP Finance defaulted on its obligations under the terms of the Indenture when it failed to make required

interest payments on the Notes on April 2, 2001, and that Lontar and Asia Pulp & Paper (together with APP Finance, the "Judgment Debtors") did not fulfill their obligations as guarantors under the Indenture and that APP Finance's failure to make the April 2, 2001 interest payment was an "Event of Default" under the Indenture and respectfully refers the Court to the Indenture for its terms.

28. Denies the allegations of paragraph 28, except admits that by letter dated November 1, 2001, the Trustee, through counsel, notified APP Finance, Lontar and Asia Pulp & Paper that the Trustee was accelerating payments on the Notes, the Judgment Debtors did not make any additional payments on the Notes, and the Trustee commenced the action entitled U.S. Bank National Association v. APP International Finance Company, B.V., P.T. Lontar Papyrus Pulp & Paper Industry, Asia Pulp & Paper Company, Ltd., Indah Kiat International Finance Company B.V., and P.T. Indah Kiat Pulp & Paper Corporation, Index No. 600405/04 (the "State Action") in the Supreme Court of New York on February 17, 2004.

29. Denies the allegations of paragraph 29, except admits that the Supreme Court for the State and County of New York entered a Judgment in the State Action in favor of the Trustee against the Judgment Debtors on March 10, 2005, and respectfully refers the Court to the Judgment for its content.

30. Denies the allegations of paragraph 30, except admits that on March 22, 2013, Trustee issued a notice to Noteholders and respectfully refers the Court to that notice for its terms.

31. Admits that the Trustee filed a partial assignment of a portion of the Judgment to Plaintiff on or about April 7, 2015, and respectfully refers the Court to the partial assignment of

5

judgment from Trustee to Plaintiff for its terms, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Denies the allegations of paragraph 34 and respectfully refers the Court to the EOM for its terms.

35. Denies the allegations of paragraph 35 and respectfully refers the Court to the Consent Solicitation for its terms.

36. Denies the allegations of paragraph 36 and respectfully refers the Court to the Consent Solicitation for its terms.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and respectfully refers the Court to the Consent Solicitation for its terms.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and respectfully refers the Court to the EOM and Consent Solicitation for their terms.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and respectfully refers the Court to the 2015 Tender Offer for its terms.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. States that the allegations of paragraph 41 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. States that the allegations of paragraph 43 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and respectfully refers the Court to the EOM and the 2015 Tender Offer for their terms.

45. States that the allegations of paragraph 45 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 45.

46. States that the allegations of paragraph 46 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 46.

47. States that the allegations of paragraph 47 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 47.

48. Denies the allegations of paragraph 48, and respectfully refers the Court to the Indenture for its terms, except states that the last sentence of paragraph 48 is a legal conclusion to which no response is required.

49. Denies the allegations of paragraph 49, and respectfully refers the Court to the Indenture for its terms.

50. Denies the allegations of paragraph 50, and respectfully refers the Court to the Indenture for its terms.

51. States that the allegations of paragraph 51 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 51 and respectfully refers the Court to the Indenture for its terms.

52. Denies the allegations of paragraph 52, except admits that counsel for Plaintiff wrote a letter dated December 8, 2014 to the Trustee, and that counsel for Trustee responded by letter dated December 14, 2014, and respectfully refers the Court to the letters for their terms.

53. With respect to paragraph 53 of the Complaint, repeats and realleges each response set forth above to the allegations in paragraph 1 through 52 as fully set forth therein.

54. States that the allegations of paragraph 54 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 54.

55. States that the allegations of paragraph 55 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 55.

56. States that the allegations of paragraph 56 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 56 and respectfully refers the Court to the Indenture for its terms.

57. States that the allegations of paragraph 57 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 57 and respectfully refers the Court to the Indenture for its terms.

58. States that the allegations of paragraph 58 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 58 and respectfully refers the Court to the Indenture for its terms.

59. States that the allegations of paragraph 59 are legal conclusions to which no response is required, but to the extent a response is necessary, denies the allegations of paragraph 59 and respectfully refers the Court to the Indenture for its terms.

60. With respect to paragraph 60 of the Complaint, repeats and realleges each response set forth above to the allegations in paragraph 1 through 59 as fully set forth therein.

61. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62. States that the allegations of paragraph 62 are legal conclusions to which no response is required, but to the extent that a response is necessary, denies the allegations of paragraph 62.

63. Denies the allegations of paragraph 63.

64. States that the allegations of paragraph 64 are legal conclusions to which no response is required, but to the extent a response is necessary, denies the allegations of paragraph 64 and respectfully refers the Court to the Indenture for its terms.

65. States that the allegations of paragraph 65 are legal conclusions to which no response is required, but to the extent a response is necessary, denies the allegations of paragraph 65 and respectfully refers the Court to the Indenture for its terms.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

66. The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

67. No justiciable controversy exists and the case should be dismissed.

### THIRD DEFENSE

68. Plaintiff's claims are barred, in whole or in part, because the action is no longer ripe.

### FOURTH DEFENSE

69. Plaintiff had failed to join all necessary and indispensable parties.

### FIFTH DEFENSE

70. Plaintiff is not entitled to costs, fees, and other expenses associated with this action pursuant to the Indenture.

New York, New York
November 10, 2015

>Respectfully submitted,
>
>SEWARD & KISSEL LLP
>
>By:   /s/  Dale C. Christensen, Jr._____
>       Dale C. Christensen, Jr.
>       Thomas Ross Hooper
>
>One Battery Park Plaza
>New York, New York 10004
>(212) 574-1589
>
>*Attorneys for Defendant U.S. Bank National Association*