UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APP INVESTMENT OPPORTUNITY LLC,<br><br>                    Plaintiff,<br><br>  -against-<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>                    Defendant. | Case No. 1:15-cv-06666-AT |

## DECLARATION OF XIAO SONG IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. Section 1746, Xiao Song declares as follows:

1.  I am Portfolio Manager at Contrarian Capital Management, LLC, which is the (non-member) manager of Plaintiff APP Investment Opportunity LLC ("**Plaintiff**"). I have been authorized by Contrarian Funds LLC, which is the sole Member of the Plaintiff, to speak for the Plaintiff in this and other litigation relating to the enforcement of Plaintiff's Judgment against the Judgment Debtors (as defined in the next paragraph). I submit this declaration in support of Plaintiff's motion for summary judgment.

2.  In 1995, APP International Finance Company, B.V. ("**APP Finance**") issued, and each of Asia Pulp & Paper Company Ltd. ("**APP**") and P.T. Lontar Papyrus Pulp & Paper Industry ("**Lontar**," and together with APP Finance and APP, the "**Judgment Debtors**") guaranteed 11 3/4% guaranteed, secured notes due 2005 (the "**Notes**"). The Notes were issued pursuant to an Indenture, dated September 18, 1995, among APP Finance as issuer, APP and Lontar as guarantors, and BankAmerica National Trust Company as trustee (the "**Indenture**").

Defendant/Trustee U.S. Bank National Association ("**Defendant/Trustee**") is the successor indenture trustee to BankAmerica National Trust Company.

3. On or about April 1, 2001, the Judgment Debtors defaulted on the Notes by failing to make payment when due, and have made no payments of principal or interest due to the Plaintiff on the Notes since their default in April 2001.

4. On March 10, 2005, the Supreme Court entered a judgment in favor of the Defendant/Trustee for the benefit of holders of the Notes in the amount of $536,029,885 (the "**2005 Judgment**").

5. Plaintiff is a beneficial holder of Notes totaling $18,443,000 in principal amount.

6. In April 2015, Defendant/Trustee assigned to Plaintiff the portion of the judgment corresponding to Plaintiff's Notes ("**Plaintiff's Judgment**"). Attached as Exhibit E to the accompanying Declaration of Dennis H. Hranitzky ("**Hranitzky Decl.**") is a true and correct copy of the assignment documentation. The Judgment Debtors have paid nothing, and Plaintiff has collected nothing, on Plaintiff's Judgment.

7. On March 22, 2013, Defendant/Trustee gave notice to noteholders that it had agreed with the Judgment Debtors to a standstill of all proceedings to enforce the 2005 Judgment. In the notice, Defendant/Trustee informed noteholders that unless otherwise instructed, it did not intend to take further action to enforce the 2005 Judgment.

8. On October 28, 2014, Lontar caused to be distributed to noteholders an Exchange Offer Memorandum ("**EOM**"). A copy of the EOM is attached to the accompanying Hranitzky Decl. as Exhibit F.

9. The EOM offered noteholders the opportunity to exchange their Notes for new debt securities (the "**Exchange Offer**").

10. To participate in the Exchange Offer, noteholders also must consent to certain waivers and amendments to the Indenture (the "**Consent Solicitation**") including amendments to Section 11.8 of the Indenture, titled "Governing Law; Consent to Jurisdiction; Waiver of Immunities. A copy of the Consent Solicitation is attached to the accompanying Hranitzky Decl. as Exhibit F.

11. Plaintiff did not participate in the Exchange Offer or the Consent Solicitation.

12. On June 10, 2015, Lontar caused to be distributed a Tender Offer to Noteholders (the "**2015 Tender Offer**"). A copy of the 2015 Tender Offer is attached to the accompanying Hranitzky Decl. as Exhibit G. Under the 2015 Tender Offer, noteholders could tender their Notes in exchange for cash, at a value of $190 for each $1,000 principal amount of Notes.

13. Plaintiff did not participate in the 2015 Tender Offer.

14. On October 21, 2015, Plaintiff sent to Defendant/Trustee a proposal to dismiss this lawsuit in exchange for a stipulation from Judgment Debtors that they agreed to abandon their attempt to change the law governing the Indenture, or to otherwise impair Plaintiff's right to repayment.

15. The Judgment Debtors refused to sign the proposed stipulation.

16. Mr. Bertie Mehigan, who I understand is counsel to each of the Judgment Debtors, threatened during an in-person meeting that if Plaintiff were to refuse to settle their claims against the Judgment Debtors on the terms being offered by the Judgment Debtors, that the Judgment Debtors will then attempt to force a restructuring on the Plaintiff pursuant to the "scheme of arrangement" procedure without the Plaintiffs consent.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Executed in Greenwich, Connecticut
on this 23rd day of December, 2015

_____
Xiao Song