UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APP INVESTMENT OPPORTUNITY LLC,

      Plaintiff,

          v.

U.S. BANK NATIONAL ASSOCIATION,

      Defendant.

15-Civ-06666 (AT)

**U.S. BANK NATIONAL ASSOCIATION'S MEMORANDUM OF LAW
IN RESPONSE TO APP INVESTMENT OPPORTUNITY LLC'S
MOTION FOR SUMMARY JUDGMENT**

Defendant U.S. Bank National Association, solely in its capacity as successor trustee (the "Trustee") under the Indenture dated September 18, 1995 (the "Indenture") among APP International Finance Company, B.V., as issuer (the "Issuer"), and Asia Pulp & Paper Ltd. and P.T. Lontar Pulp & Paper Industry, as guarantors (the "Guarantors"), respectfully submits this memorandum of law in response to the motion for summary judgment filed by Plaintiff APP Investment Opportunity LLC ("Plaintiff").[1]

## Preliminary Statement

In this action for declaratory and injunctive relief, Plaintiff seeks a ruling from this Court that the Trustee cannot execute a supplemental indenture implementing certain amendments to the Indenture proposed by the Issuer and the Guarantors.  Plaintiff alleges that the proposed amendments would compromise its right to receive payment on notes issued under the Indenture and violate the Indenture and the Trust Indenture Act of 1939, 15 U.S.C. §§ 77aaa-77bbbb (the "TIA").  The Trustee, however, has not been asked to sign any supplemental indenture purporting to amend the terms of the Indenture (a "Supplemental Indenture") or to otherwise effect the proposed amendments that are the subject of Plaintiff's Complaint.  Absent such a request, Plaintiff's claim for declaratory judgment is not ripe for judicial review, and it lacks standing to seek injunctive relief.  Plaintiff is effectively seeking an advisory opinion from this Court that if the Trustee is asked to sign a Supplemental Indenture, it should be prohibited from doing so.  Unless the Issuer and the Guarantors ask the Trustee to sign a Supplemental Indenture, and the Trustee indicates that it intends to do so, there is no justiciable controversy for this Court to decide, and no risk that Plaintiff will suffer irreparable harm.  Accordingly, Plaintiff's motion for summary judgment should be denied.

---

[1] Except as otherwise defined herein, all capitalized terms have the definitions attributed to them in the Complaint.

**Statement of Facts**

The Trustee is the successor indenture trustee to BankAmerica under the

Indenture.  *See* Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 in

Support of Plaintiff APP Investment Opportunity LLC's Motion for Summary Judgment, dated

Dec. 23, 2015 ("Plaintiff's Rule 56.1 Stmnt."), ¶ 2.[2]  Plaintiff is the beneficial holder of

$18,443,000 in principal amount of Notes issued pursuant to the Indenture.  *Id.* ¶ 3.  As set forth

in Plaintiff's Complaint, Plaintiff is seeking to prevent the Trustee from signing a Supplemental

Indenture containing amendments to the Indenture sought by the Issuer and the Guarantors that

Plaintiff claims would violate Section 316(b) of the TIA and Sections 4.7, 7.2(v), and 7.3 of the

Indenture.  *See* Compl. ¶¶ 1, 9.

Despite Plaintiff's professed concerns about the proposed amendments, the

Trustee has not received a request by the Issuer or the Guarantors to sign a Supplemental

Indenture or to otherwise implement the proposed amendments that are the subject of Plaintiff's

Complaint.  *See* U.S. Bank National Association's Local Rule 56.1 Statement ("Trustee's 56.1

Stmnt."), ¶ 5; Declaration of Timothy Sandell dated Jan. 19, 2016 ("Sandell Decl."), ¶ 3.  The

Trustee has also not received a copy of any proposed Supplemental Indenture.  *See* Trustee's

56.1 Stmnt. ¶ 7; Sandell Decl. ¶ 4.  Nor has the Trustee received evidence that the requisite

number of Noteholders as set forth in the Indenture have consented to the execution of any

proposed Supplemental Indenture. *See* Trustee's 56.1 Stmnt. ¶ 8; Sandell Decl. ¶ 5.  Under

Section 7.2 of the Indenture, each of these events must occur before the Trustee will execute any

Supplemental Indenture.  *See* Indenture § 7.2, a copy of which is attached as Exhibit A to the

Declaration of Dennis H. Hranitzky, dated Dec. 23, 2015 ("Upon the request of the Issuer and

---

[2]    Without taking a position as to their materiality, the Trustee does not dispute any of the facts set forth in Plaintiff's Rule 56.1 Statement.

the Guarantors, accompanied by a copy of the supplemental indenture and upon the filing with

the Trustee of evidence of the consent of Noteholders and other documents, if any required by

Section 6.1, the Trustee shall join with the Issuer and the Guarantors in the execution of such

supplemental indenture."). To be sure, the Trustee does not intend to breach the terms of the

Indenture or the applicable provisions of the Trust Indenture Act of 1939, 15 U.S.C. §§ 77aaa-

77bbbb, in connection with any proposed amendments to the Indenture. *See* Trustee's 56.1

Stmnt. ¶ 9; Sandell Decl. ¶ 6.

## ARGUMENT

## I.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

### A.   Plaintiff's Request For Declaratory Relief Is Not Ripe For Judicial Review

Plaintiff's first cause of action seeks a declaratory judgment "that the amendments

contemplated in the Consent Solicitation . . . are unlawful under Section 316(b) of the Trust

Indenture Act and Sections 4.7, 7.2(v), and 7.3 of the Indenture." Compl. ¶ 59; *see also*

Memorandum of Law in Support of Plaintiff APP Investment Opportunity LLC's Motion for

Summary Judgment, dated Dec. 23, 2015 ("Pl.'s Mem."), at 19 (claiming a "justiciable

controversy" exists "with respect to whether the contemplated amendments" violate the

Indenture and the TIA). The Trustee, however, has not been asked to sign any Supplemental

Indenture or to otherwise implement the proposed amendments. *See* Trustee's 56.1 Stmnt. ¶ 6;

Sandell Decl. ¶ 3. In fact, the Trustee has not even been presented with any Supplemental

Indenture to sign. *See* Trustee's 56.1 Stmnt. ¶ 7; Sandell Decl. ¶ 4. Thus, Plaintiff's first cause

of action is not ripe for judicial review.

Under the Declaratory Judgment Act ("DJA"), "[i]n a case of *actual controversy*

[a federal court] may declare the rights and other legal relations of any interested party seeking

such declaration." 28 U.S.C. § 2201(a) (emphasis added). On the other hand, "[a] district court

3

may not exert jurisdiction under the [DJA] if the action does *not* present an actual case or controversy." *Faxon v. Merck & Co.*, 2007 U.S. Dist. LEXIS 93413, at *3 (D. Conn. Dec. 21, 2013) (emphasis added).  In that regard, it is well-settled that "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Id.* (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (quoting C. Wright, Federal Courts 34 (1963))).

   As noted by the Second Circuit, an actual case or controversy is "one that is 'real and substantial . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001) (quoting *Olin Corp. v. Consolidated Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993)).  Plaintiff has not established that this case presents an actual controversy, and thus this Court should deny the requested declaratory relief.  *See Velvet Underground v. Andy Warhol Found. For the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 409 (S.D.N.Y. 2012) (finding plaintiff failed "to present a justiciable controversy" and dismissing claim for declaratory judgment where plaintiff "simply expressed an 'intangible worry, unanchored in time,' that is 'insufficient to support an "actual or imminent" injury'" (citations omitted)).

   Here, the Indenture expressly provides that execution of a Supplemental Indenture is triggered by several events, which have not yet occurred.  *See* Trustee's 56.1 Stmnt. ¶¶ 6-8; Sandell Decl. ¶¶ 3-5; *see also* Pl.'s Mem. at 9-10 (citing Indenture § 7.2).  First, there must be a "request of the Issuer and the Guarantors, accompanied by a copy of the supplemental indenture."  Indenture § 7.2.  The Trustee has received no such request.  *See* Trustee's 56.1 Stmnt. ¶ 6; Sandell Decl. ¶ 3.  Nor has the Trustee received any Supplemental Indenture to

review or sign.  *See* Trustee's 56.1 Stmnt. ¶ 7; Sandell Decl. ¶ 4.  Second, the Trustee must be presented with "evidence of the consent of Noteholders and other documents, if any," reflecting their agreement to the proposed modifications.  Indenture § 7.2.  This, too, has not happened. *See* Trustee's 56.1 Stmnt. ¶ 8; Sandell Decl. ¶ 5.  Moreover, even if the Trustee received a request accompanied by a Supplemental Indenture and the requisite consent of Noteholders, the Trustee does not intend to breach the terms of the Indenture or the applicable provisions of the TIA.  *See* Trustee's 56.1 Stmnt. ¶ 9; Sandell Decl. ¶ 6.  Thus, Plaintiff's request for a declaratory judgment is not ripe, as Plaintiff is effectively seeking an advisory opinion based on hypothetical facts.  *See, e.g.*, *Velvet Underground*, 890 F. Supp. 2d at 409.

### B.   Plaintiff Lacks Standing To Request Injunctive Relief

Plaintiff's second cause of action seeks injunctive relief "enjoining Defendant/Trustee from permitting, executing, or consummating any amendment to the Indenture that would change the governing law or the fora in which disputes related to the Indenture can be heard, whether through execution of a Supplemental Indenture or by any other means."  Compl. ¶ 65.  This claim is based on the same hypothetical facts as Plaintiff's first cause of action – i.e., the Trustee may, at some future date, be asked by the Issuer and the Guarantors to execute a Supplemental Indenture containing certain amendments that Plaintiff contends violate the Indenture and the TIA.  *See* Pl.'s Mem. at 19 (claiming "Plaintiff will be irreparably harmed *if* Defendant/Trustee executes a supplemental indenture" (emphasis added)).  But, until such time, Plaintiff cannot show that it faces actual or imminent harm that gives it standing to request injunctive relief.

To have standing, a plaintiff must show, among other things, an injury that is "actual or imminent, not conjectural or hypothetical."  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted); *see also Pungitore v.*

5

*Barbera*, 506 F. App'x 40, 41 (2d. Cir 2012) (in seeking injunctive relief, plaintiff "must prove the likelihood of future or continuing harm"). Plaintiff has not identified any actual or imminent injury here.

Plaintiff's second cause of action is based on hypothetical facts that Plaintiff alleges might occur in the future. *See* Pl.'s Mem. at 19. But, as noted above, the Trustee has not received a request by the Issuer or the Guarantors to sign a Supplemental Indenture or a request to otherwise implement the proposed amendments that are the subject of Plaintiff's Complaint; the Trustee has not received a copy of any proposed Supplemental Indenture; and the Trustee has not received evidence that the requisite number of Noteholders as set forth in the Indenture have consented to the execution of any proposed Supplemental Indenture. *See* Trustee's 56.1 Stmnt. ¶¶ 5-8; Sandell Decl. ¶¶ 3-5. Thus, under the terms of the Indenture, the Trustee cannot, at this time, execute any Supplemental Indenture. *See* Indenture § 7.2. Yet, even if the Trustee were presented with a Supplemental Indenture and asked by the Issuer and the Guarantors to sign it, the Trustee does not intend to breach the terms of the Indenture or the applicable provisions of the TIA. *See* Trustee's 56.1 Stmnt. ¶ 9; Sandell Decl. ¶ 6. Accordingly, Plaintiff is not faced with actual or imminent injury, and it therefore lacks standing to seek injunctive relief. *Lujan*, 504 U.S. at 560; *Pungitore*, 506 F. App'x at 42.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny Plaintiff's motion for summary judgment and grant the Trustee such other and further relief as is just and proper.

New York, New York
January 20, 2016

SEWARD & KISSEL LLP

By:  /s  Dale C. Christensen, Jr.
Dale C. Christensen, Jr.
Thomas Ross Hooper
Michael B. Weitman

One Battery Park Plaza
New York, New York 10004
(212) 574-1589

*Attorneys for Defendant U.S. Bank National Association*

7