UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APP INVESTMENT OPPORTUNITY LLC,<br><br>       Plaintiff,<br><br> -against-<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>       Defendant. | Case No. 1:15-cv-06666-AT |

# REPLY IN FURTHER SUPPORT OF PLAINTIFF APP INVESTMENT OPPORTUNITY LLC'S MOTION FOR SUMMARY JUDGMENT

             DECHERT LLP
              Dennis H. Hranitzky
              (dennis.hranitzky@dechert.com)
              Daphne Ha
              (daphne.ha@dechert.com)
              Lindsay E. Ray
              (lindsay.ray@dechert.com)
            1095 Avenue of the Americas
            New York, New York 10036
            Tel: (212) 698-3500

            *Attorneys for Plaintiff*
            *APP Investment Opportunity LLC*

Dated: February 10, 2016

**PRELIMINARY STATEMENT**

The opening brief of Plaintiff APP Investment Opportunity LLC ("**Plaintiff**") established that:

- Plaintiff is the beneficial holder of Notes, issued pursuant to an Indenture, which have been in default since 2001, and are the subject of a 2005 Judgment of the Supreme Court for the State of New York that has remained unsatisfied for over a decade;[1]

- The Notes and Indenture are governed by New York law and the Trust Indenture Act of 1939, 15 U.S.C. §§ 77aaa-77bbbb ("**TIA**")—both of which protect Plaintiff's right to repayment of principal and interest on the Notes;[2] and

- The Judgment Debtors' contemplated scheme—which would change the governing law from that of New York to that of England and Wales, thereby enabling the Judgment Debtors to take advantage of a so-called "scheme of arrangement" process under English law to alter the payment terms of the Notes without Plaintiff's consent—would impair or affect Plaintiff's right to repayment of principal and interest on the Notes, thereby violating Plaintiff's rights under the TIA.[3]

Defendant U.S. Bank National Association ("**Defendant/Trustee**") does not contest any of these points, and offers no opposition to the merits of Plaintiff's claims. Nor does Defendant/Trustee disagree with any of the factual contentions in Plaintiff's Rule 56.1 Statement. Therefore, the parties do not dispute the operative facts or the extent of Plaintiff's

---

[1] Mem. of Law in Supp. of Pl. APP Inv. Opp. LLC's Mot. for Summ. Judg., at 3-6 (Document No. 21) ("**Plaintiff's Br.**"); Statement of Undisp. Mat. Facts Pursuant to Local Civ. R. 56.1 in Supp. of Pl. APP Inv. Opp. LLC's Mot. for Summ. Judg., ¶¶ 1-3, 7-14 (Document No. 24) ("**Rule 56.1 Statement**").

[2] Plaintiff's Br. at 4-5, 11-15; Rule 56.1 Statement, ¶¶ 4-6

[3] Plaintiff's Br. at 6-9, 16-19; Rule 56.1 Statement, ¶¶ 15-25.

substantive rights under New York law and the TIA.  *See, e.g.*, *SEC v. Syron*, 934 F. Supp. 2d 609, 631 (S.D.N.Y. 2013) (failure to address argument in opposition to a dispositive motion means party "effectively concedes" the point).

Rather, Defendant/Trustee's opposition rests solely on the incorrect contention that there is no justiciable controversy before the Court because the Judgment Debtors have not *yet* been able to effectuate their plan.  U.S. Bank NA's Mem. of Law in Resp. to APP Inv. Opp. LLC's Mot. for Summ. Judg., at 1 (Document No. 25) ("**Opp. Br.**").  But this ignores that the Judgment Debtors' scheme undeniably will violate Plaintiff's rights and cause harm unless the Court intervenes.  The scheme is a naked attempt to impair Plaintiff's right to repayment of principal and interest in full by forcing Plaintiff and other noteholders into a non-consensual restructuring of that debt under UK law—a violation of Plaintiff's rights that is indisputably prohibited under New York law, the TIA, and the Indenture.  This is the intended outcome of the Judgment Debtors' scheme, as the Judgment Debtors themselves threatened.  Rule 56.1 Statement, ¶ 25. As the scheme cannot be completed without the participation of the Defendant/Trustee in executing a Supplemental Indenture, and Defendant/Trustee is based in the United States, unlike the foreign Judgment Debtors, a declaratory judgment and injunction against Defendant/Trustee are the most efficient and effective means of preventing the harm intended by the Judgment Debtors' scheme.

Nor does Defendant/Trustee render this controversy non-justiciable by stating generically that "[t]he Trustee does not intend to breach the terms of the Indenture or the applicable provisions of the Trust Indenture Act of 1939."  January 19, 2016 Declaration of Timothy Sandell, ¶ 6; U.S. Bank Nat'l Assoc.'s Local Rule 56.1 Statement, ¶ 4 (same).  None of the facts in Defendant/Trustee's declaration or improper Local Rule 56.1 Statement—submitted without

2

any attempt to first meet and confer with Plaintiff—affect the justiciability of this controversy, even if this Court assumes them to be true. Those facts do not conflict with those in the 56.1 Statement, all of which Defendant/Trustee does not dispute. And neither the declaration nor the Defendant/Trustee's Rule 56.1 Statement affirms that Defendant/Trustee will refuse to sign the contemplated Supplemental Indenture, or that it will refrain from taking any other steps to modify the choice of law or forum provisions of the Indenture. In fact, before filing this motion, Plaintiff proposed to dismiss this lawsuit in exchange for a stipulation from Defendant/Trustee and the Judgment Debtors that they would not issue a Supplemental Indenture seeking to modify or eliminate the choice of law or forum selection provision of the Indenture, or take any other steps to impair Plaintiff's rights. Rule 56.1 Statement, ¶ 26. The Judgment Debtors refused to sign the stipulation. *Id.* ¶ 27. This is clear evidence of the very real and continuing threat to Plaintiff's rights under the Notes and Indenture.

## ARGUMENT

### I. Plaintiff's Request For Declaratory Judgment Is Ripe.

Defendant/Trustee claims there is no ripe controversy because the Judgment Debtors have not yet asked Defendant/Trustee to execute a Supplemental Indenture amending the choice of law and forum selection provisions governing the Notes. Opp. Br. at 3. But the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 ("**DJA**"), does not require that Plaintiff wait for its rights to be violated before seeking a declaratory judgment. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 134 (2007) (concluding that Article III does not require an aggrieved Plaintiff to "bet the farm" or risk "the loss of 80 percent of its business" before seeking declaratory relief). Rather, a declaratory judgment may issue whenever there is an actual controversy giving rise to a "real question of conflicting legal interests." *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241

F.3d 154, 177 (2d Cir. 2001) (quoting *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992); *see also MedImmune*, 549 U.S. at 127 (concluding that an "actual controversy" touches "legal relations of parties having adverse legal interests" and requests "specific relief through a decree of conclusive character" (internal quotation marks omitted)). An actual controversy exists even where those conflicting interests depend on future contingencies coming to pass. *E.R. Squibb*, 241 F.3d at 177. The test in this circuit is whether there is a "practical likelihood" that the future contingencies will occur. *Id.* (quoting *Associated Indem. Corp.*, 961 F.2d at 35).[4]

Here, the Judgment Debtors issued an Exchange Offer Memorandum ("**EOM**") specifically detailing the steps they intend to take to force a non-consensual restructuring on Plaintiff and other noteholders. Rule 56.1 Statement, ¶¶ 15-18. They subsequently made a Tender Offer in an effort to buy up the shares needed to overcome any objections from dissenting noteholders like Plaintiff. *Id.* ¶ 23. They then threatened Plaintiff, explaining that if Plaintiff did not accept a settlement, the Judgment Debtors would nonetheless use the contemplated scheme to restructure the debt over Plaintiff's objection. *Id.* ¶ 25. And finally, even after the filing of this lawsuit, the Judgment Debtors refused to stipulate that they would abandon their scheme. *Id.* ¶¶ 26-27. The refusal to stipulate proves this is still a live, justiciable controversy. In the absence of a stipulation or intervention by this Court, there is a "practical likelihood" the Judgment Debtors will execute their plan, with Defendant/Trustee's assistance, to restructure the amounts due under the Notes. *Cf. Mendelsohn v. Meese*, 695 F. Supp. 1474, 1478

---

[4] In *E.R. Squibb*, cited by Defendant/Trustee, Opp. Br. at 4, the Second Circuit affirmed the District Court's ruling that Plaintiff had a justiciable declaratory judgment action against its high-level excess insurers. The court found a practical likelihood that the excess insurers' policies would be reached even though the plaintiff conceded it was "impossible" to predict how many cases would be filed, and how many would result in high verdicts. *E.R. Squibb*, 241 F.3d at 177-78.

(S.D.N.Y. 1988) (finding request for declaratory relief ripe where government "refused to stipulate that any actions taken by the plaintiffs during the pendency of this lawsuit would be protected from enforcement").[5]

## II. Plaintiff Has Standing To Request Injunctive Relief.

Defendant/Trustee repurposes its ripeness arguments to suggest the harm is too "hypothetical" or contingent to require injunctive relief, Opp. Br. at 5, and thus the Court can dispose of both arguments together. *See Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 689 & n.6 (2d Cir. 2013) (noting overlap between ripeness and standing and considering both challenges together); *see also MedImmune*, 549 U.S. at 128 n.8 ("[S]tanding and ripeness boil down to the same question in this case."). Yet Defendant/Trustee does not contest that Plaintiff's claim succeeds on the merits, that there is no adequate remedy at law, that the balance of equities tips in Plaintiff's favor, and that an injunction would be consistent with the public interest. Plaintiff's Br. at 19-21; Opp. Br. at 5-6. Nor does Defendant/Trustee contest that the scheme, if executed, would cause irreparable harm to Plaintiff and other noteholders. Plaintiff's Br. at 19-20; Opp. Br. at 5-6.

Plaintiff has shown a likelihood of actual harm if the injunction does not issue. The Judgment Debtors' refusal to enter into the stipulation, and the threats directed to Plaintiff, establish that Judgment Debtors intend to carry out their scheme unless stopped by the Court. The declaration submitted by Defendant/Trustee does not diminish that risk, for

---

[5] By contrast, in the lead case cited by Defendant/Trustee, which involved a declaratory judgment action to determine whether the Andy Warhol Foundation had a valid copyright in the iconic banana image used on an album cover, the controversy became non-justiciable only when the Foundation covenanted not to pursue copyright infringement actions, which eliminated any concern that the plaintiff might be subject to an enforcement action in the future. *Velvet Underground v. Andy Warhol Found. For The Visual Arts, Inc.*, 890 F. Supp. 2d 398, 402-05 (S.D.N.Y. 2012).

5

Defendant/Trustee does say unequivocally that it will not execute a Supplemental Indenture or take any other steps to assist Judgment Debtors in their scheme.[6] Absent these protections, an injunction is necessary and appropriate to preserve the *status quo* and protect Plaintiff's rights under the Notes and Indenture.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in its Opening Brief, Plaintiff APP Investment Opportunity LLC respectfully requests that the Court grant the Motion for Summary Judgment pursuant to Rule 56, and grant the declaratory and injunctive relief requested.

Dated: February 10, 2016  
New York, New York

DECHERT LLP

By: */s/ Dennis H. Hranitzky*  
Dennis H. Hranitzky  
  (dennis.hranitzky@dechert.com)  
Daphne Ha  
  (daphne.ha@dechert.com)  
Lindsay E. Ray  
  (lindsay.ray@dechert.com)  
1095 Avenue of the Americas  
New York, NY 10036-6797  
(212) 698-3500  
(212) 698-3599 (facsimile)

*Attorneys for Plaintiff*  
*APP Investment Opportunity LLC*

---

[6] These facts distinguish the present case from *Pungitore v. Barbera*, 506 F. App'x 40 (2d Cir. 2012), relied on by Defendant/Trustee. Opp. Br. at 5-6. There, injunctive relief was no longer appropriate because the alleged harm—exclusion of a student from an accelerated math class—was remedied by the school agreeing to place the student in that class. *Pungitore*, 506 F. App'x at 42.